**Charles HERMANOWSKI,**
**Plaintiff-Appellee**
**Cross-Appellant,**

v.

**ACTON CORPORATION,**
**Defendant-Appellant**
**Cross-Appellee.**

**Nos. 757, 758, Dockets 83–7786, 83–7840.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 16, 1984.
Decided March 7, 1984.

Howard Gotbetter, New York City (Hyman & Miner, New York City, of counsel), for defendant-appellant-cross-appellee.

Stephen A. Weiner, New York City (Thomas F. Clauss, Jr., Winthrop, Stimson, Putnam & Roberts, New York City, of counsel), for plaintiff-appellee-cross-appellant.

Before MESKILL, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

In April 1975, plaintiff Charles Hermanowski agreed to terminate his employment contract as president of defendant Acton Corporation in return for $25,000 cash and a five year non-qualified stock option to purchase 50,000 shares of Acton's common stock at $2 per share. In June 1976, Acton notified Hermanowski that his stock option had been cancelled. Hermanowski rejected that view and, in September 1979, sought to exercise a portion of the option by tendering a bank check for $10,000 and requesting delivery of 5,000 shares of stock. Acton returned the check stating that Hermanowski had "no exercisable stock option". After trial of Hermanowski's resulting suit against Acton, the district court determined in a thorough, carefully drafted opinion that Acton had breached the stock option contract, that the breach occurred in November 1979 when Acton refused to deliver the stock, and that there was no merit in Acton's claim of an anticipatory breach in June 1976 when it had purported to repudiate the option agreement.

■■■ We agree with the district court's reasoning on the issue of breach, and therefore affirm on Acton's appeal, substantially for the reasons set forth in the decision of the district court. We write only to consider Hermanowski's contention on the cross-appeal that the district court made an error in its calculation of damages. We agree with Hermanowski that the district judge correctly concluded (1) that the date of the breach was November 12, 1979, the date on or about which plaintiff learned that the defendant breached the agreement; (2) that the measure of damages should be determined as of that date; and (3) that the proper measure of damages is the difference between the market value of the stock and the option price. Our concern is over his calculation of the option price.

■■ Initially, the stock option embraced 50,000 shares, but prior to defendant's breach there had been two stock dividends of 10% each, thereby increasing plaintiff's entitlement to a total of 60,500 shares. In calculating the option price, which he subtracted from the market value of the stock, the district judge applied the per share price of $2 to the 60,500 shares for a total option price of $121,000. Plaintiff contends that the option price was fixed by the original agreement at $2 per share times the original 50,000 shares, for a total of $100,-000. As a result, plaintiff contends, the amount of the judgment should be increased by $21,000.

There is nothing in the decision below to show why the district court applied the $2 per share price to the 60,500 shares instead of to the original 50,000 shares. To the

contrary, the original option certificate given to plaintiff provided that "[t]he number and class of shares of stock subject to the option and the price per share of such stock may be adjusted by the Board of Directors of the Company, * * * to reflect any stock dividend * * *." Hermanowski served on Acton a Rule 36 request to admit that there had been proportionate price adjustments in the stock options. Since there is no evidence in the record of any denial of the request, it appears that the adjustments authorized by the original option certificate were in fact made by the board of directors. Indeed, the district court found that "proportionate adjustments of all outstanding stock options were made by the defendant as necessitated by those stock dividends." Moreover, in his trial memoranda submitted to the district court, plaintiff had argued that the amount of the option price to be deducted was $100,000, and defendant did not contest that particular part of plaintiff's damage calculation.

It appears, therefore, that in calculating damages the district court may have erred by using the wrong option price. However, on the record before us, we cannot be certain whether an error was committed or whether the district court had reasons grounded on evidence before it, but not explained in its decision, for determining that the option price should be calculated at $121,000 instead of $100,000. We therefore remand the action to the district court solely for reconsideration of whether the correct option price was included in the district court's damage calculation. The district court is, of course, free to determine the matter based on the existing record or, on such additional evidence as may be necessary. Since we affirm on all other issues, the district court may enter such judgment as is appropriate after reconsideration of the option price issue.