14-4609-cv
*Iroquois Master Fund, Ltd. v. Quantum Fuel Systems Technologies Worldwide, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

Present:
           PETER W. HALL,
           SUSAN L. CARNEY,
                   *Circuit Judges*,
           BRIAN M. COGAN,
                   *District Judge.**

---

IROQUOIS MASTER FUND, LTD.,

                   *Plaintiff-Appellant*,

           v.                                                    No. 14-4609-cv

QUANTUM FUEL SYSTEMS TECHNOLOGIES WORLDWIDE, INC.,

                   *Defendant-Appellee*.

---

For Plaintiff-Appellant:           THOMAS J. FLEMING, Olshan Frome Wolosky LLP, New York, NY.


For Defendant-Appellee:           FRED K. HERRMANN (Matthew L. Powell, *on the brief*), Kerr, Russell and Weber, PLC, Detroit, MI.

---

* Hon. Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1

Matthew J. Aaronson, Troutman Sanders LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Iroquois Master Fund, Ltd. ("Iroquois") appeals from a December 1, 2014 final judgment entered after a bench trial finding Appellee Quantum Fuel Systems Technologies Worldwide, Inc. ("Quantum") liable for breach of contract. On appeal, Iroquois argues that the district court erred when it found that Quantum breached the Series A Warrants (the "Warrants") on May 23, 2013, and calculated Iroquois's damages on that basis, and when it admitted Quantum's expert's testimony into evidence. Quantum argues that because Iroquois was not aggrieved by the district court's decision, Iroquois lacks appellate standing to bring this appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm.

We first address Quantum's contention that Iroquois lacks appellate standing. A party does not have "standing to appeal an order unless [it] can show some basis for arguing that the challenged action causes [it] cognizable injury, *i.e.*, that [it] is 'aggrieved' by the order." *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994). Here, because the district court's final judgment caused Iroquois injury when it awarded Iroquois damages in an amount less than the amount Iroquois argued it was entitled to, Iroquois has not "receive[d] all that [it] has sought." *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980). Iroquois was aggrieved by the district court's judgment and thus has standing to bring this appeal.

2

Turning to Iroquois's argument that the district court erred in calculating damages, we review *de novo* conclusions of law and mixed questions of law and fact, and we review the district court's factual findings for clear error. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008). "Although the amount of recoverable damages is a question of fact, the measure of damages upon which the factual computation is based is a question of law." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003) (internal quotation omitted). Iroquois argues that the district court's damages calculation is incorrect because it is based on the district court's erroneous finding that Quantum breached the Series A Warrants on May 23, 2013. We disagree.

We begin by noting that under the Warrants' choice of law provision, New York law governs the terms of the contract. The Warrants provided Iroquois with the right to purchase Quantum stock at a defined exercise price. The Warrants contained anti-dilution provisions that reset Iroquois's exercise price to any lower price at which shares were sold to later investors (the "effective price"). On May 23, 2013, following the Crede Transaction, Iroquois delivered a notice of intent to partially exercise the Warrants at a lower adjusted exercise price. Quantum refused to honor the Warrant because it did not agree that Iroquois's proposed adjusted exercise price was equal to the effective price.

Iroquois argues that because it attempted to exercise the Warrants with an incorrect exercise price—a price other than the effective price—it failed to comply strictly with the Warrants. The flawed attempt could not trigger Quantum's obligation to deliver warrant shares, and thus Quantum did not breach the Warrants. This argument is unpersuasive. Although under New York law option contracts must be strictly construed, *see Deep Woods Holdings, LLC v. Sav. Deposit Ins. Fund of Republic of Turkey*, 745 F.3d 619, 623 (2d Cir. 2014), the Warrants do not expressly require Iroquois to calculate the adjusted exercise price accurately before

3

exercising the Warrants. On the contrary, the Warrants require Quantum to notify Iroquois about any adjustments to the exercise price. Once Iroquois delivered its notice of intent to partially exercise the Warrants, Quantum was obligated to provide the shares at the correct adjusted exercise price. It is Quantum's failure to do so that is a breach of contract.

Under New York law, "damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss*, 337 F.3d at 196. "[T]he proper valuation for the [W]arrants was the date of the breach—the date [Quantum] failed to deliver the warrants." *Id.* at 197. The proper measure of damages for a breach of an option contract is the difference between the market value of the stock and the option price. *Hermanowski v. Acton Corp.*, 729 F.2d 921, 922 (2d Cir. 1984). The district court calculated damages by attempting to put Iroquois in the position it would have been in if the May 23, 2013 attempted exercise and the Fall 2013 executed exercises had been honored at the correct adjusted exercise price. The district court calculated the difference between the value of the Fall 2013 transactions completed at the incorrect exercise prices and the value of the Fall 2013 transactions had they been completed at the correct exercise prices. It also credited to Iroquois the value of the May 23, 2013 attempted exercise, which Iroquois would have gained had Quantum honored the attempt at the correct exercise price. The district court then subtracted the number of warrant shares that Iroquois would have used for the May 23, 2013 exercise from the number of outstanding warrant shares Iroquois retained after the Fall 2013 transfers. Because Iroquois would have been able to exercise only a portion of the warrant shares that it actually executed on November 4, 2013, the district court deducted from the November 4, 2013 transaction the value of the number of outstanding shares that Iroquois would not have had if the May 23, 2013 exercise had been completed. The result of the district court's calculations was

4

that it put Iroquois in the "same economic position [it] would have been in had the defendant fulfilled the contract." *Lucente v. IBM*, 310 F.3d 243, 262 (2d Cir. 2002). We discern no error in the district court's calculation of damages.

Finally, we review for abuse of discretion the district court's decision to admit expert testimony. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264 (2d Cir. 2002). A witness may testify as an expert if a) the testimony is helpful to understand a factual issue; b) the testimony is based upon sufficient facts or data; c) the testimony is the product of reliable principles and methods; and d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The district court is tasked with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "The decision to admit expert testimony is left to the broad discretion of the trial judge and will be overturned only when manifestly erroneous." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995).

Quantum's expert witness—Roberts Brokaw III—is a banking expert whose knowledge and expertise was directed at answering the precise question the district court was focused on: whether the Exchange Right in the Crede Warrant qualifies as a discount that should have been taken into account in calculating the Effective Price of the approximately 4.9 million Common Stock shares issued to Crede. Brokaw provided testimony as to the common practices and standards within the banking industry, which was directly relevant to the factual issue of whether the Exchange Right qualified as a discount. *See United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991) (explaining that "testimony concerning the ordinary practices in the securities industry may be received"). In forming his opinions, Brokaw drew upon his professional and teaching experience, his review of the materials the parties exchanged during discovery, and the

5

documents filed with the SEC. Although framed as a challenge to Brokaw's methodology, Iroquois's argument—that Brokaw inappropriately applied a "blockage discount" to the Crede Warrant—amounts to little more than a disagreement with Brokaw's calculations and conclusions. While this is an appropriate attack on the persuasiveness of an expert's testimony, it is not relevant to the admissibility of that testimony. *Daubert*, 509 U.S. at 595 ("The focus [of the admissibility inquiry], of course, must be solely on principles and methodology, not on the conclusions that they generate."). We find no error with the district court's decision to admit Brokaw's testimony.

We have considered all of Iroquois's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK