18-1797-cv
LG Capital Funding, LLC v. CardioGenics Holdings, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

-----------------------------------------------------------------

LG CAPITAL FUNDING, LLC,

                    *Plaintiff-Counter-Defendant-Appellant*,

          v.                                              No. 18-1797-cv

CARDIOGENICS HOLDINGS, INC.,

                    *Defendant-Counter-Claimant-Appellee.*

-----------------------------------------------------------------

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:          KEVIN KEHRLI, Garson, Segal, Steinmetz, Fladgate LLP, New York, NY.

FOR DEFENDANT-
COUNTER-CLAIMANT-APPELLEE:    No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.

Appellant LG Capital Funding, LLC (LG) appeals from a judgment of the District Court (Donnelly, J.) adopting the report and recommendation of the Magistrate Judge (Bulsara, M.J.) and granting LG's motion for default judgment on its breach of contract claims against Appellee CardioGenics Holdings, Inc. (CGNH), which were based on CGNH's failure to deliver shares of its common stock pursuant to a convertible redeemable note (the Note). We assume the parties' familiarity with the underlying facts and record of prior proceedings, to

2

which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

On appeal, LG challenges only one part of the damages award, namely, the District Court's subtraction from the actual loss calculation of the unpaid principal and unpaid interest that CGNH owed LG under the Note as of the date of breach. "We review the method of calculation of damages de novo, and the actual calculation of damages for clear error." Hamil Am. Inc. v. GFI, 193 F.3d 92, 97 (2d Cir. 1999). "Under New York law, damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 196 (2d Cir. 2003). Where the breach "involved the deprivation of an item with a determinable market value, the market value at the time of the breach is the measure of damages." Cole v. Macklowe, 882 N.Y.S.2d 417, 419 (1st Dep't 2009) (quotation marks omitted); see also Oscar Gruss & Son, 337 F.3d at 196; Simon v. Electrospace Corp., 28 N.Y.2d 136, 145–46 (1971).

Here, the breach in question involved CGNH's failure to deliver 2,374,627 shares of its common stock to LG after LG elected to convert the full value of

3

CGNH's unpaid balance on the Note: $16,500 in unpaid principal and $716.05 in unpaid interest. The District Court awarded $23,152.61 in damages, relying on a damages calculation that subtracted the discounted price LG paid for the conversion (the unpaid principal and unpaid interest) from the full value of the stock on the date of the breach. We have applied such a formula to breach of contract cases involving stock option contracts, in which part of the breach involves the refusal to accept payment at the contract rate. See Boyce v. Soundview Tech. Grp., Inc., 464 F.3d 376, 381, 385 (2d Cir. 2006); Hermanowski v. Acton Corp., 729 F.2d 921, 922 (2d Cir. 1984); cf. Sharma v. Skaarup Ship Mgmt. Corp., 916 F.2d 820, 825 (2d Cir. 1990) ("The damage award resulting from a breach of an agreement to purchase securities is the difference between the contract price and the fair market value of the asset at the time of breach."). But that formula is not applicable here, where LG had already paid the conversion price to CGNH in the form of the principal.

The District Court accurately observed that the Note provided for conversion "in lieu of principal and interest payments," and that, accordingly, it would be double recovery to compensate LG both for the value of the shares and

4

the principal and interest payments (including default interest) LG would have received had it not elected to convert. LG Capital Funding, LLC v. Cardiogenics Holdings, Inc., 16-cv-1215 (AMD) (SJB), 2018 WL 2057141, at *2 (E.D.N.Y. Mar. 8, 2018) (quotation marks omitted). But in subtracting the conversion price from the damages award, the District Court awarded LG the equivalent of its lost profits on the conversion, but not the full value of the shares. Far from double recovery, this resulted in an award that fell well below the "economic position [LG] would have occupied" had CGNH delivered the shares. Oscar Gruss & Son, 337 F.3d at 196. We therefore conclude that the District Court erred in its method of calculating LG's actual loss resulting from CGNH's failure to deliver the shares.

LG also argues on appeal that the District Court erred by using the opening price of CGNH's stock on the day of the breach to calculate damages, rather than the higher closing price. Neither approach, however, is correct. Where, as here, the breach deprived the claimant of publicly traded stock, we have measured the market value of that stock on the date of the breach as "the mean between the highest and lowest quoted selling prices, as provided by the

5

public exchange upon which the stock traded." Boyce, 464 F.3d at 385 (quotation marks omitted). Here, the record shows that, on the date of the breach, CGNH stock traded at a high of $0.0188 per share and a low of $0.017 per share. Accordingly, the District Court should have used the mean value of $0.0179 per share when calculating LG's damages.

LG also asserts that the District Court should have awarded default interest on the unpaid principal. We affirm the District Court's denial of default interest substantially for the reasons set forth in Magistrate Judge Bulsara's opinion. See App'x 116–18.[1]

In summary, the District Court should have awarded LG expectation damages of $42,505.82, not $23,152.61. We arrive at this amount by multiplying the number of shares owed to LG (2,374,627) by the mean market value of that stock on the day of the breach ($0.0179 per share). Including the District Court's award of $16,048.50 in attorneys' fees and $432.04 in costs,[2] LG is entitled to a total award of $58,986.36.

---

[1] We note, in addition, that LG's brief on appeal fails to make any argument in support of its claim for default interest.

[2] LG does not contest the amount of the District Court's awards of attorneys' fees and

For the foregoing reasons, the judgment of the District Court is VACATED

in part and REMANDED with instructions to the District Court to enter

judgment for LG in the amount of $58,986.36.   Otherwise, the judgment of the

Distirct Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

costs in this appeal.